DECISION AND JUDGMENT ENTRY
{¶ 1} Joshua T. Brown appeals the Highland County Court's denial of his post-sentence motion to withdraw his guilty plea. Officers meant to execute a warrant for the arrest of Joshua A. Brown. Instead, they mistakenly executed the warrant and arrested appellant, Joshua T. Brown. On appeal, Brown contends that the trial court abused its discretion when it denied his motion to withdraw his guilty plea because his counsel failed to file a motion to suppress all evidence obtained from the arrest based on mistaken identity. Because we find that Brown failed to establish that a manifest injustice occurred, we disagree. Accordingly, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} Joshua A. Brown passed a stolen check. Several police officers went to an apartment complex after midnight to execute a warrant for his arrest. The officers went to the apartment where they knew Joshua A. Brown frequented. No one answered the door. But as they started to leave, they noticed two people near a doorway about a hundred feet away. They approached the doorway and asked the male, Joshua T. Brown, if he was Josh Brown. He answered "yes." So, they took him into custody. Officers stated that they searched his person and found marijuana and a roll of cash. However, Brown claims the officers examined his identification before conducting the search.
 {¶ 3} Eventually, the officers, through a computer check, discovered that the state issued the warrant for a Joshua A. Brown, and that they had the wrong Josh Brown in custody. The state charged Joshua T. Brown with three felony offenses related to the marijuana found on Joshua T. Brown's person. At the preliminary hearing, he agreed to plead guilty to one reduced misdemeanor charge. The trial court accepted his plea and found him guilty of possession of drug paraphernalia, a misdemeanor of the first degree. The court accepted the state's recommended punishment, except it added a seven-day jail term. Shortly thereafter, Brown hired new counsel and filed a motion to withdraw his plea.
 {¶ 4} Brown contended at the motion hearing that his prior counsel provided ineffective assistance because counsel failed to challenge the search and seizure. Brown maintained that the undisputed case of mistaken identity was enough to invalidate the search and suppress its fruits. Brown claimed that although he and the *Page 3 
other Brown were similar in age, they were easily distinguishable because he is black and the other Brown is white.
 {¶ 5} The motion hearing testimony shows that the arrest occurred after midnight with no exterior lights. The officers did not have a flashlight. Although Brown is black, he has a light skin color. Brown's former counsel testified that he did not file a motion to suppress because the state had neither bound Brown over to the common pleas court nor indicted him. He believed that he could only file such a motion after the county court bound Brown over and a grand jury indicted him. He stated that he did not exhaustively research the suppression issue because of the plea deal he crafted with the prosecutor. He testified that Brown was happy with the plea deal (especially retaining his license) until the court imposed jail time.
 {¶ 6} After listening to the testimony, the court found that Brown's former counsel (1) discussed with Brown the possibility of filing the motion to suppress; (2) told Brown the motion was premature; (3) accurately described the benefits of the plea to Brown; and (4) rendered effective assistance. The trial court denied Brown's motion to withdraw his plea.
 {¶ 7} Brown appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED IN DENYING JOSHUA T. BROWN'S MOTION TO WITHDRAW PLEA, BECAUSE THERE IS A REASONABLE PROBABILITY THAT BUT FOR THE INEFFECTIVE ASSISTANCE OF COUNSEL HE WOULD NOT HAVE PLED GUILTY." *Page 4 
 {¶ 8} Brown contends that the trial court failed to correct a manifest injustice when it denied his motion to withdraw his guilty plea. He maintains that he did not knowingly, intelligently and voluntarily enter his plea because of the ineffective assistance of counsel.
 {¶ 9} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "Manifest injustice" is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.State v. Smith (1977), 49 Ohio St.2d 261, 264. A defendant who seeks to withdraw his plea bears the burden of establishing a manifest injustice. Id. at paragraph one of the syllabus.
 {¶ 10} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Therefore, we will only reverse the trial court's decision if the court abused its discretion.State v. Xie (1992), 62 Ohio St.3d 521, 526. "An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane DoeI (1991), 57 Ohio St.3d 135, 137-138, citing Berk v. Matthews (1990),53 Ohio St.3d 161, 169. *Page 5 
 {¶ 11} Here, Brown contends that the trial court should have allowed him to withdraw his plea because his counsel failed to file a motion to suppress. He asserts that he only pled guilty because his counsel encouraged him to accept the plea agreement.
 {¶ 12} "In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness." State v. Wright, Washington App. No. 00CA39, 2001-Ohio-2473, citing State v. Hamblin (1988), 37 Ohio St.3d 153, cert. den. (1988), 488 U.S. 975; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
 {¶ 13} The United States Supreme Court holds that "the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." Strickland v. Washington (1984),466 U.S. 668, 684. "[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id. at 685. As this court has stated, "effective counsel is one who `plays the role necessary to ensure that the trial is fair.'" Wright, citingStrickland at 685. Therefore, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., citingStrickland at 685-86.
 {¶ 14} In showing his attorney's ineffectiveness, Thompson must show two things: (1) "that counsel's performance was deficient[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) "that the deficient performance prejudiced *Page 6 
the defense[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland at 687. If Defendant fails to make both showings, "it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Id. Further, "[counsel's performance is deficient if it falls below an objective standard of reasonable representation." Wright, citingState v. Murphy (2001), 91 Ohio St.3d 516; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 15} A reviewing court "when addressing an ineffective assistance of counsel claim, should not consider what, in hindsight, may have been a more appropriate course of action." Id., citing State v. Phillips
(1995), 74 Ohio St.3d 72. Instead, this court "must be highly deferential." Id., citing Strickland at 689. Further "a reviewing court: `must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id., citing Strickland at 689.
 {¶ 16} In addition, when a defendant pleads guilty, he waives all claims of ineffective assistance of counsel, except to the extent that counsel's performance caused an unknowing and involuntary plea.State v. Persons, Meigs App. No. 02CA6, 2003-Ohio-4213, ¶ 11.
 {¶ 17} Here, the trial court made factual findings that show that Brown knowingly and voluntarily entered his plea. When the trial court acts as the trier of fact, it is in the best position to evaluate witness credibility. State v. Dunlap (1995), 73 Ohio St.3d 308, 314. *Page 7 
Accordingly, we must uphold the trial courts findings of fact if the record contains competent, credible evidence to support them. Id. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 18} The evidence presented at the motion to withdraw plea hearing shows that Brown's counsel discussed the possibility of filing a motion to suppress with Brown before he entered his guilty plea to the reduced charge. He correctly told Brown that he could not file the motion until a grand jury issued an indictment against him in the common pleas court. See, generally, Crim.R. 5; Crim.R. 12(C)(3).
 {¶ 19} Brown next argues that his counsel did not spend sufficient time investigating the issues involving a motion to suppress. However, the record shows that his counsel spent enough time on the issues to give Brown a competent opinion on the outcome of a motion to suppress.
 {¶ 20} Brown's counsel testified that he told Brown that the outcome of a motion to suppress hearing was a "toss-up." Rather than proceed on a risky course, he (1) worked with the prosecutor to get the charges reduced from three felonies to one first-degree misdemeanor; (2) secured the return of Brown's vehicle; and (3) kept Brown from losing his driver's license. Therefore, it appears that Brown's counsel secured a good deal for Brown and recommended that Brown take it rather than risking it all on a "toss-up" motion to suppress. *Page 8 
 {¶ 21} We find that Brown's counsel's basis for believing the motion was a toss-up is a reasonable conclusion. The basis for a motion to suppress rests primarily on the officers mistaking his race and, to a lesser degree, on when the search occurred. The officers approached Brown after midnight, close to where they expected to find the suspect. Upon inquiry, Brown seemed to identify himself as the subject of the warrant. The record suggests that the area was poorly lit. This dark environment, plus the light color of Brown's skin, might have led the officers to reasonably conclude that he was the suspect. Based on these facts, the officers' arguably had probable cause to arrest Brown, or at the very least, their actions were arguably covered by the good faith exception to the warrant requirement. United State v. Leon (1984),468 U.S. 897, 914-915. See, also, State v. Banks (May 25, 1994), Montgomery App. No. 14201.
 {¶ 22} If the court that heard the motion to suppress found that the contraband was uncovered subsequent to the arrest, but before they saw his driver's license or checked his identity against the computer, then the court would have likely upheld the search. Without a suppression hearing, it is impossible to determine what order the events took place. However, considering the facts available to Brown's counsel and the circumstances of the case, his counsel's assessment of the case appears reasonable. Therefore, we find that Brown's counsel's performance did not fall below an objective standard of reasonable representation.
 {¶ 23} In conclusion, competent, credible evidence supports the trial court's factual findings. Therefore, we find that Brown failed to show that a manifest injustice occurred. *Page 9 
Consequently, we find that the trial court did not abuse its discretion when it denied Brown's motion to withdraw his plea.
 {¶ 24} Accordingly, we overrule Brown's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Greenfield to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment Only.
 Abele, J.: Concurs in Judgment and Opinion. *Page 1